# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JOSEPH WORK, Individually and on Behalf of Others Similarly Situated, | Case No.: 4:22-cv-02960 |
| v. | Jury Trial Demanded |
| INTERTEK RESOURCE SOLUTIONS, INC. | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Joseph Work (Work or Plaintiff) brings this action to recover the unpaid overtime and other damages from Intertek Resource Solutions, Inc. (Intertek) under the Fair Labor Standards Act (FLSA).

2. Intertek does not pay its Construction Representatives overtime as required by the FLSA.

3. Instead, Intertek pays its employees a flat daily rate for all hours worked in a workweek, including those in excess of 40 in a workweek.

4. Intertek's day rate pay plan violates the FLSA because its employees are owed overtime for hours worked in excess of 40 in a week at the rate of one-and-one-half times their regular rates.

5. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute. 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

8. Intertek's U.S. headquarters are in Houston, Texas.

## PARTIES

9. Work started working for Intertek as a Construction Planner in September 2013.

10. Throughout his employment, Intertek paid Work a flat daily rate for all the hours he worked including those in excess of 40 in a workweek ("day rate pay plan").

11. Work's consent to be a party plaintiff is attached as Exhibit 1.

12. Work brings this action on behalf of himself and all other similarly situated Construction Managers, Construction Representatives, Construction Planners, and Construction Coordinators (collectively, Construction Representatives) who were paid by Intertek's day rate.

13. Intertek paid each of these workers the same amount for each hour worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

14. The FLSA class of employees Work seeks to represent consists of:

> **All Construction Representatives, Construction Managers, Construction Coordinators, or Construction Planners employed by Intertek during the past 3 years who were paid a day rate (the "Putative Class Members").**

15. Work seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

16. Intertek may be served with process by serving its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Houston, Texas 78701, or wherever they may be found.

## FLSA COVERAGE

17. For at least the past 3 years, Intertek has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. For at least the past 3 years, Intertek has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

19. For at least the past 3 years, Intertek has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

20. Intertek has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smartphones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

21. Further, Intertek's annual gross volume of sales has exceeded $1,000,000 for at least the past 3 years.

22. For at least the past 3 years, Work and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

23. Intertek treated all their Construction Representatives (including Work) as employees by controlling their job assignments, withholding taxes from their pay, and maintaining their personnel records.

**FACTS**

24. Intertek is an industry leader in testing, inspecting, and certifying products, construction, and projects "with more than 46,000 employees in 1,000 locations in over 100 countries" including the United States and in Texas.

25. In order to create the goods, and provide the services, it markets to its customers, Intertek employs Construction Representatives like Work and the Putative Class Members.

26. Work and the Putative Class Members were staffed to energy companies by Intertek.

27. Intertek paid Work and the Putative Class Members a day rate for each day worked regardless of the number of hours and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

28. For example, Work worked for Intertek from approximately September 2013 until September 2021 as a Construction Coordinator in Alaska.

29. Intertek staffed Work to Conoco Phillips.

30. Intertek paid Work a day rate of $790.00.

31. Work and the Putative Class Members were typically scheduled for 12-hour shifts.

32. During his employment, Work and the Putative Class Members regularly worked well in excess of 40 hours in a work week.

33. In fact, Work regularly worked at least 80 hours in a work week.

34. But Intertek did not pay Work and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

35. Intertek paid all the Putative Class Members a day rate.

36. Work and the Putative Class Members were not paid a guaranteed salary by Intertek.

37. Work and the Putative Class Members were W-2 employees of Intertek.

38. Intertek required Work and the Putative Class Members to follow its policies and procedures.

39. Work's and the Putative Class Members' work must adhere to the quality standards put in place by Intertek and its clients.

40. Work and the Putative Class Members worked similar hours and are denied overtime because of the same illegal day rate pay plan.

41. Work and the Putative Class Members performed similar job duties as Construction Representatives.

42. Work and the Putative Class Members all handled construction projects for Intertek's clients.

43. Instead of paying Work and the Putative Class Members overtime, Intertek paid them only their flat daily rate for all their working hours including those in excess of 40 in a workweek.

44. As a result, Intertek failed to pay Work and the Putative Class Members proper overtime compensation for hours worked in excess of 40 in a workweek.

45. Intertek has been sued for this pay practice in the past.

46. Intertek was aware of the FLSA and its salary basis requirements.

47. Regardless, Intertek failed to pay Work and the Putative Class Members a guaranteed salary.

48. Accordingly, Work and the Putative Class Members were non-exempt under the FLSA.

49. Intertek failed to investigate whether its day rate pay practice complied with the FLSA.

50. Intertek failed to investigate whether its day rate pay practice met the salary basis test.

51. Intertek failed to investigate whether its day rate pay practice met the reasonable relationship test.

**FLSA VIOLATIONS**

52. Work incorporates the preceding paragraphs by reference.

53. Intertek's day rate pay plan violates the FLSA because Work and the Putative Class Members did not receive overtime pay for hours worked over 40 in a week.

54. Intertek knew, or showed reckless disregard for whether, its day rate pay plan violated the FLSA.

55. Intertek's failure to pay overtime compensation and the Putative Class Members was not based on any reasonable interpretation of the law.

56. Nor was Intertek's decision not to pay overtime made in good faith.

57. Accordingly, Work and all those who are similarly situated are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorney's fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

58. Work incorporates the preceding paragraphs by reference.

59. The illegal pay practices Intertek imposed on Work were likewise imposed on the Putative Class Members.

60. Numerous other individuals who worked with Work were paid in the same manner, performed similar construction management work, and were not properly compensated for all hours worked as required by state and federal wage laws.

61. From his observations and experience working for Intertek, Work is aware that Intertek's illegal practices or policies have been imposed on the Putative Class Members.

62. The Putative Class Members all regularly worked in excess of 40 hours per week and received only their flat daily rates for all hours worked.

63. Intertek's failure to pay overtime as required by the FLSA results from a generally applicable, systematic pay plan that is not dependent on the personal circumstances of the Putative Class Members.

64. Thus, Work's experiences are typical of the experiences of the Putative Class Members.

65. The specific construction management job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

66. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

67. Absent a collective action, the Putative Class Members will not obtain redress of their injuries and Intertek will reap the unjust benefits of violating the FLSA.

68. Furthermore, even if some of the Putative Class Members could afford individual litigation against Intertek, it would be unduly burdensome to the judicial system, the Putative Class Members, and Intertek.

69. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Intertek employed the members of the Class within the meaning of the FLSA;

   b. Whether the Putative Class Members were improperly misclassified as exempt;

   c. Whether a day rate constitutes a guaranteed salary;

   d. Whether Intertek's decision to pay a day rate was made in good faith;

   e. Whether Intertek's decision to not pay time and a half for overtime to the members of the Class was made in good faith;

   f. Whether Intertek's violation of the FLSA was willful; and

   g. Whether Intertek's illegal pay practices were applied to the Putative Class Members.

70. Work knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

71. All the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime for hours worked in excess of 40 in a week.

## JURY DEMAND

72. Work demands a trial by jury.

## RELIEF SOUGHT

73. Wherefore, Work prays for:

   (a) an order allowing FLSA claims to proceed as a collective action and directing notice to Intertek's Construction Managers, Planners, Coordinators, and Representatives;

(b)	judgment finding Intertek in violation of the FLSA;

(c)	judgment finding Intertek liable to Work and the Putative Class Members for unpaid overtime, and an equal amount of liquidated damages;

(d)	judgment awarding Work and the Putative Class Members reasonable attorney's fees and costs of this action;

(e)	judgment awarding Work and the Putative Class Members pre- and post-judgment interest at the highest rates allowed by law; and

(f)	such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
Texas Bar No. 24014780
Federal ID 27157
Andrew W. Dunlap
Texas Bar No. 24078444
Federal ID No. 1093163
Richard M. Schreiber
Texas Bar No. 24056278
Federal ID No. 705430
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77005
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
Federal ID No. 21615
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**Attorneys in Charge for Plaintiff**