United States District Court
Southern District of Texas
**ENTERED**
March 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOSEPH WORK,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-02960 |
| | § | |
| **INTERTEK RESOURCE SOLUTIONS, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Plaintiff Joseph Work brought this suit against Defendant Intertek Resource Solutions, Inc., alleging that Intertek failed to pay overtime wages. Now, both parties agree that the claims should be arbitrated—the only issue is whether class arbitration is available. Intertek argues that the Court should decide this question. Work argues that this is a question for the arbitrator.

Work is correct. Accordingly, Work's Motion to Dismiss (ECF No. 13) is **GRANTED**. Intertek's Motion to Compel Individual Arbitration (ECF No. 16) is **DENIED**.

### I.   BACKGROUND

Joseph Work brought this putative collective action against Intertek, alleging that Intertek improperly denied its employees overtime wages. ECF No. 1. In its Answer, Intertek filed an "Objection to Judicial Forum," arguing Work must arbitrate his claim. ECF No. 12 at 1.

The parties now all agree that the Arbitration Agreement governs the claims at issue.[1] Accordingly, Work filed a Voluntary Motion to Dismiss. ECF No. 13. Intertek objected because

---

[1] The Arbitration Agreement provides that "any and all disputes, claims, causes of action, or controversies arising out of or related to my performance of services for [Intertek] . . . except the Excluded Claims as listed below, will be resolved exclusively by final and binding arbitration." ECF No. 16-1 at 4.

1

Work sought class arbitration. Intertek moved to compel individual arbitration. ECF No. 16. Work responded, ECF No. 18, and Intertek replied, ECF No. 19.

## II. ANALYSIS

The question before the Court is who should decide whether class arbitration is available. "Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter." *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). The Court should "not assume that the parties agreed to arbitrate arbitrability unless the parties clearly and unmistakably provide otherwise." *Id.* (cleaned up). The Court must therefore determine whether the contract clearly and unmistakably agreed to arbitrate questions of class arbitrability. As discussed below, they did.

### A. Incorporation by Reference of JAMS Rules

The first issue is whether the Arbitration Agreement incorporates by reference certain JAMS rules. It does.

"Under Texas law, a written contract must be construed to give effect to the parties' intent expressed in the text as understood in light of the facts and circumstances surrounding the contract's execution." *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 419 (5th Cir. 2014) (cleaned up). "Courts should give contract terms their plain and ordinary meaning unless the instrument indicates the parties intended a different meaning." *Id.* (cleaned up).

"With respect to incorporation, the Supreme Court of Texas has held that "[t]he language used is not important provided the document signed . . . plainly refers to another writing.'" *Id.* at 420 (quoting *In re Prudential Ins Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004)). "Texas courts

of appeals, however, have frequently held that a mere reference to another document is insufficient to incorporate that writing when the facts and circumstances surrounding the agreement do not indicate that incorporation was intended." *Id.* (cleaned up). "However, when the reference to the other document is clear and the circumstances indicate that the intent of the parties was incorporation, courts have held that a document may be incorporated, even in the absence of specific language of incorporation." *Id.*

Here, the Arbitration Agreement incorporates by reference certain JAMS rules. The Agreement states: "Any arbitration required hereunder shall be governed by the Federal Arbitration Act and administered by JAMS pursuant to its Employment Arbitration Rules & Procedures and subject to JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness." ECF No. 16-1 at 4. This language—that the arbitration "shall be . . . administered by JAMS pursuant to . . . and subject to" its rules and policies—is a "clear" reference to those rules that "indicate[s] that the intent of the parties was incorporation." *Al Rushaid*, 757 F.3d at 420.

Against this conclusion, Intertek argues that "Texas courts have held that the words 'pursuant to' do not incorporate by reference." ECF No. 19 at 3. But the cases to which Intertek points do not shed light on how to interpret the contractual language at issue here.

Intertek points first to *Berwick v. Wagner*, 336 S.W.3d 805, 810 (Tex App. 2011). There, the Texas Court of Appeals looked at a judgment that stated: "Pursuant to the stipulation filed between the parties, and the evidence presented, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS." *Id.* at 807. There, the court reasoned that "[t]he phrase 'pursuant to' is not equivalent to 'incorporated.'" *Id.* at 810. That may be true. But all *Berwick* shows is that "pursuant to" does not *automatically* incorporate a document. The judgment in

3

*Berwick* lacked indicia that the parties intended to incorporate the stipulation. Here, by contrast, such indicia exist: the Agreement provided that arbitration "shall be . . . administered by JAMS pursuant to" its rules. ECF No. 16-1 at 4.

Intertek also points to *Trim v. Daniels*, 862 S.W.2d 8 (Tex. App. 1992). There, a will stated: "I leave everything to Vernice Daniels," followed by "Note: Handle pursuant to the incomplete will that Doris has." *Id.* at 9. Again, the court explained that "pursuant to" is not the same as "incorporated." *Id.* at 10. The court concluded that "[t]he instruction, 'handle pursuant to,'" "is not intended to control the disposition of his estate." *Id.* Because the language was "an expression of his desire not of his will," it "lack[ed] testamentary character" and therefore "must be disregarded." *Id.* In short, there, the words "pursuant to" lacked the force that these words have here. Contrary to Intertek's argument, neither case to which it points stand for the proposition that the words "pursuant to" cannot incorporate by reference another document.

Indeed, both the Fifth Circuit and the Texas Supreme Court have emphasized that, when determining whether a document incorporates another by reference "[t]he language used is not important provided the document signed . . . plainly refers to another writing.'" *Al Rushaid*, 757 F.3d at 420 (quoting *Prudential*, 148 S.W.3d at 135). The Court must look to the contract's plain meaning to determine whether "the reference to the other document is clear and the circumstances indicate that the intent of the parties was incorporation." *Id.* Here, the language clearly shows that the parties intended to incorporate the referenced JAMS rules.

### B.  Who Decides Class Arbitrability

All parties agree that "the decision to arbitrate a dispute as a class, rather than on an individual basis, as a threshold question of arbitrability." *20/20 Communications, Inc. v. Crawford*, 930 F.3d 715, 719 (5th Cir. 2019). Questions of arbitrability "are typically reserved

for courts to decide, absent 'clear and unmistakable' language in the arbitration agreement to the contrary." *Id.* at 718 (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. ct. 524, 530 (2019)).

As discussed above, the Arbitration Agreement at issue here incorporates by reference the JAMS Employment Arbitration Rules and Procedures. Rule 11(b) of those rules states: "Jurisdictional and arbitrability disputes . . . shall be submitted to and ruled on by the Arbitrator. Unless the relevant law requires otherwise, the Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter."

This is clear and unmistakable language delegating questions of arbitrability to the arbitrator. *See Evergreen Media Holdings v. Warner Bros. Ent.*, No. H-14-0793, 2014 WL 5681852, at *10 (S.D. Tex. Nov. 4, 2014) (Rosenthal, J.). The availability of class arbitration is a question of arbitrability. Therefore, the JAMS rules, incorporated by reference into this agreement, delegate questions of class arbitrability to the arbitrator.

### III. CONCLUSION

The Arbitration Agreement at issue delegated to the arbitrator questions of class arbitrability. Work's Motion to Dismiss (ECF No. 13) is therefore **GRANTED**. Intertek's Motion to Compel Individual Arbitration (ECF No. 16) is **DENIED**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on March 16, 2023.

_____
Keith P. Ellison
United States District Judge