# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰
## for the 𝔉𝔦𝔣𝔱𝔥 𝔠𝔦𝔯𝔠𝔲𝔦𝔱

United States Courts
Southern District of Texas
FILED

*June 20, 2024*

Nathan Ochsner, Clerk of Court

No. 23-20120

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2024

Lyle W. Cayce
Clerk

Joseph Work,

*Plaintiff—Appellee,*

*versus*

Intertek Resource Solutions, Incorporated,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-2960

Before Richman, *Chief Judge*, and Graves and Wilson, *Circuit Judges.*

James E. Graves, Jr., *Circuit Judge*:

Joseph Work and Intertek consent to arbitration. The issue on appeal is whether the agreed upon Arbitration Agreement provides for individual arbitration or class arbitration. The district court held that because the Arbitration Agreement incorporated the JAMS[1] Rules by reference, the

---

[1] At its founding in 1979, JAMS was an acronym for Judicial Arbitration and Mediation Services, Inc. The organization was comprised of a panel of retired judges. JAMS, http://www.jamsadr.com (last visited May 10, 2024)

No. 23-20120

Work argued that because the Arbitration Agreement incorporated the JAMS Rules there was "clear and unmistakable" intent, by both parties, to delegate the question of class arbitrability to the arbitrator.

On January 10, 2023, Intertek filed a response contending that, under Texas law, "pursuant to" was not sufficient language to incorporate a referenced document in this instance. Intertek argued that while express incorporation by reference is sufficient to delegate many issues to the arbitrator, express incorporation by reference is insufficient to delegate all issues, particularly the issue of class arbitrability.

On March 16, 2023, the district court issued a Memorandum & Order ruling that the issue of class arbitrability was delegated to the arbitrator. The district court held that the Arbitration Agreement did incorporate by reference certain JAMS Rules. Additionally, the district court held that the JAMS Rules delegate questions of arbitrability to the arbitrator, which includes the question of class arbitrability. The district court granted Work's motion to dismiss and denied Intertek's motion to compel individual arbitration. This appeal followed.

## STANDARD OF REVIEW

A district court's grant of a motion to compel arbitration is reviewed de novo. *Nelson v. Watch House Intern., L.L.C.*, 815 F.3d 190, 192 (5th Cir. 2016).

## DISCUSSION

On appeal, Intertek makes two arguments. First, consent to class arbitration is absent, and, therefore, questions of arbitrability should not be delegated to the arbitrator. Second, the "pursuant to" language in the Arbitration Agreement is not clear, and the circumstances here do not indicate intent to incorporate by reference. Both arguments are incorrect

No. 23-20120

arbitration should be administered by JAMS Employment Arbitration Rules and Procedures and the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness. Additionally, the district court held that the referenced JAMS Rules delegate questions of arbitrability to the arbitrator, including whether class arbitration is available. We AFFIRM.

## BACKGROUND

Joseph Work filed a putative collective action against Intertek, his former employer, for unpaid overtime, liquidated damages, attorneys' fees, and relief for the collective class. Intertek objected to proceeding in a judicial forum and requested that Work re-file in arbitration. Both parties consent to arbitration. The issue on appeal is whether the agreed upon Arbitration Agreement provides for individual arbitration or class arbitration. Work seeks class arbitration, and Intertek seeks individual arbitration.

On December 12, 2022, Intertek filed a Motion to Compel Individual Arbitration. Intertek argued that the Arbitration Agreement did not contain an express delegation clause and was silent as to class arbitration. On January 3, 2023, Work responded that the Arbitration Agreement incorporated the JAMS Employment Arbitration Rules and Procedures and the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness (collectively, the "JAMS Rules"). The Arbitration Agreement contained the following language:

> Any arbitration required hereunder shall be governed by the Federal Arbitration Act and administered by JAMS pursuant to its Employment Arbitration Rules & Procedures and subject to JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness.

2

No. 23-20120

under federal and state law, respectively.

First, Intertek cites *Lamps Plus, Inc. v. Varela*, 587 U.S. 176 (2019), to support its contention that consent to class arbitration is absent here, and, therefore, questions of arbitrability should not be delegated to the arbitrator. In *Lamps Plus*, the Supreme Court held that "an ambiguous agreement" cannot provide a "contractual basis for compelling arbitration." *Id.* at 183; *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 686 (2010). If an agreement is ambiguous, "there is reason to doubt the parties' mutual consent to resolve disputes through classwide arbitration." *Lamps Plus*, 587 U.S. at 185. "[C]ourts may not infer consent to participate in class arbitration absent an affirmative contractual basis for concluding that the party *agreed* to do so. Silence is not enough; the [Federal Arbitration Act] requires more." *Id.* (internal quotations omitted) (cleaned up). But because the Arbitration Agreement at issue here is not ambiguous, *Lamps Plus* does not apply.

Second, Intertek argues that the "pursuant to" language in the Arbitration Agreement is not clear and the circumstances do not indicate an intent to incorporate by reference. "Under Texas law, [a] written contract must be construed to give effect to the parties' intent expressed in the text as understood in light of the facts and circumstances surrounding the contract's execution." *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 419 (5th Cir. 2014) (quotation omitted). "Courts should give contract terms their plain and ordinary meaning unless the instrument indicates the parties intended a different meaning." *Id.* (quotations omitted). Again, the Arbitration Agreement includes the following language:

> Any arbitration required hereunder *shall be* governed by the Federal Arbitration Act and *administered by JAMS* pursuant to its Employment Arbitration Rules & Procedures and *subject to JAMS* Policy on Employment Arbitration Minimum Standards of Procedural Fairness.

4

No. 23-20120

(emphasis added). Both parties agreed to this clause. It unequivocally incorporates the JAMS Rules. The instrument does not indicate differently, and the writing plainly refers to the JAMS Rules. Furthermore, the reference to the JAMS rules is clear and the circumstances indicate the parties' intent to incorporate. Thus, the district court did not err.

This court recently held that that incorporating language from the JAMS Rules demonstrates a clear and unmistakable intent to arbitrate arbitrability. *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534 (5th Cir. 2016). In *Cooper*, the court examined a version of Rule 11(b) from the JAMS Comprehensive Arbitration Rules & Procedures, which is substantively identical to JAMS Employment Rule 11(b). After finding that the parties "expressly adopted the JAMS Rules in the [arbitration agreement]," the court concluded "[t]he express adoption of these rules presents *clear and unmistakable* evidence that the parties agreed to arbitrate arbitrability." *Id.* at 546 (emphasis added) (quoting *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012)).

Following *Cooper*, the Arbitration Agreement here clearly incorporates the JAMS Rules by reference. JAMS Employment Arbitration Rules and Procedures provide, "[j]urisdictional and arbitrability disputes, including disputes over the . . . interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator." JAMS Employment Rule 11(b). The language in this rule is "clear and unmistakable" and unequivocally delegates the question of arbitrability to the arbitrator, not the court. *See 20/20 Communications, Inc. v. Crawford*, 930 F.3d 715, 718 (5th Cir. 2019).

No. 23-20120

Because the language in the Arbitration Agreement is "clear and unmistakable" in its incorporation of the JAMS Rules, which provide that the arbitrator decides the question of arbitrability, we AFFIRM.